# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SEAN EDWARD MCCLAIN-DOUGLAS,<br>    Plaintiff(s),<br>v.<br>JACK AMES, et al.,<br>    Defendant(s). | Case No. 2:22-cv-00225-JAD-NJK<br>**REPORT AND RECOMMENDATION** |

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1] A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by

---

[1] Plaintiff filed an application to proceed *in forma pauperis*. *See* Docket No. 1. When a plaintiff seeks to proceed *in forma pauperis*, courts screen the complaint to ensure that a claim for relief has been stated. 28 U.S.C. § 1915(e). Given the Court's separate ability to dismiss the complaint pursuant to the authority cited above, however, the Court need not address whether Plaintiff qualifies to proceed *in forma pauperis* before dismissing his case.

1

amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."  *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

Plaintiff sues two judges.  *See* Docket No. 1-1 at 1; Docket No. 1-2 at 1.[2]  The basis of any claims against these judges is unclear, however, as Plaintiff's "complaint" consists of boilerplate notices, "violation warnings," and demands premised on sovereign citizen gibberish. "Courts across the United States have uniformly rejected arguments based on the sovereign citizen ideology as frivolous, irrational, or unintelligible."  *Caetano v. Kings Cnty. Sheriff*, 2022 WL 616737, at *2 (E.D. Cal. Mar. 2, 2022) (citation omitted).  Plaintiff's case here is likewise subject to dismissal as it is frivolous.

Plaintiff's complaint is frivolous and does not state a claim upon which relief can be granted.  Leave to amend is not warranted.  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice.

Dated: April 6, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] Courts have a duty to construe *pro se* filings liberally.  *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).